## CIRCUIT COURT OF CAMPBELL COUNTY

Nancy Weiland

v.

Bennie's Mobile Home Sales, Inc.

January 24, 1983

By JUDGE J. SAMUEL JOHNSTON, JR.

In the final analysis, the case turns on one simple point of law, the unconscionability of the forfeiture provision of the contract (see Virginia Code Section 8.2-302, 1950, as amended).

Plaintiff here has alleged substantive unconscionability rather than procedural unconscionability. Also, the "contract" at issue here is a contract of adhesion in that it was prepared by the defendant and the plaintiff apparently had no realistic choice as to its terms. However, this does not in and of itself render a contract or clause therein unconscionable. Since there is a dearth of evidence as to the actual bargaining between the parties, strengths and weaknesses of the individuals, whether the parties are literate or illiterate, it was difficult to determine whether the contact was one of adhesion. My finding of a contract of adhesion was based upon the fact that the contract was the work of the defendant and that it contained a forfeiture clause rather than an acceleration clause upon default.

There is a maxim of law which is familiar to us all, to wit, "Equity abhors a forfeiture." With that maxim of law in mind, I find that the forfeiture on default provision of the "lease/purchase agreement" is unconscionable and should not and will not be enforced or upheld by this Court. Were I to rule otherwise, the plaintiff could make 119 of the 120 payments, be late for the last payment, and thusly lose the amount paid therein as rent and forfeit any claim of title to the mobile home. This cannot be. *Cf. Fairfield Lease Corp. v. Umberto*, 7

U.C.C.R.S. 1181 (N.Y. Civ. Ct. 1970). Further, the plaintiff has averred that she is ready, willing and able to pay the amount in default as well as payments due in the future.